¶ 1. Marzell Orlando Brown was convicted in the Circuit Court of Hinds County on charges of aggravated assault and murder. The circuit court sentenced Brown to serve concurrent terms of twenty years on the aggravated assault conviction and life on the murder conviction in the custody of the Mississippi Department of Corrections. Brown appeals his convictions and sentences raising the following issues: (1) whether the trial court erred in not granting the defendant's motion to suppress his pre-trial statement and (2) whether the trial court erred in granting state jury instructions S-2, S-3, and S-4?
 FACTS
¶ 2. Greg Owen suggested to Sidney Robinson that the two of them should go purchase $10 worth of marijuana. Owen with Robinson as a passenger, drove to the purchase site. There he purchased what was thought to be marijuana. However, it turned out to be ordinary yard grass. As Owen and Robinson were about to abandon their effort to purchase marijuana, Marzell Brown approached and indicated that he could get the marijuana they needed. Brown asked Owen to drive him a short distance to get the marijuana. Owen refused, but allowed Brown to ride on the hood of the car to the location.
¶ 3. When they arrived, Brown expressed concern about a young woman watching from the balcony of an apartment. Brown waited until the woman entered her apartment and then walked to a nearby dumpster to get the marijuana. Brown returned to the car empty handed and again expressed concern about the woman watching from an apartment window. He asked the two to take a look up at the balcony to see for themselves. As Owen turned to look, he heard two gunshots and realized that Brown had shot Robinson. Owen turned the car around and quickly exited the scene as additional shots were fired.
¶ 4. After traveling a short distance, Owen saw police and stopped the car. *Page 927 
Owen told police that he and Robinson had become lost in that area of town and someone shot them. The police took the two men to the hospital where Robinson later died. Owen was treated for a wound to his wrist and leg. Later, Owen admitted to police that he and Robinson had been there to buy marijuana, but fled when Brown fired into their car. Brown acknowledged the shooting, but claimed to have fired in self-defense at someone seated in the back of Owen's car. Owen testified there was no one in the backseat of the car.
 ANALYSIS I.
Did the trial court err in not granting the defendant's motion tosuppress his pre-trial statement?
¶ 5. Brown argues that his confession to the shooting was not voluntarily given. Brown claims that the detectives failed to honor his refusal to talk and coerced his custodial statement, in violation of his Fifth and Sixth Amendment rights to counsel. Brown claims to have asserted his right to counsel by his refusal to execute that waiver of rights form identified as exhibit 1 during the suppression hearing. The State contends that Brown, received his Miranda warnings, and never asserted his right to counsel but merely asked to speak with his father before making a statement. It is the State's position that, after speaking with his father, Brown initiated contact with the officers and voluntarily made a statement.
¶ 6. The circuit court judge sits as the fact finder in determining whether a confession was freely and voluntarily given. McCarty v. State,554 So.2d 909, 911 (Miss. 1989). Initially, the judge must determine whether the defendant was adequately warned and "whether there has been under the totality of the circumstances a knowing and voluntary waiver of the accused's privilege against self-incrimination." Gavin v. State,473 So.2d 952, 954 (Miss. 1985). See, e.g., Porter v. State, 616 So.2d 899, 907-08 (Miss. 1993); Pierre v. State, 607 So.2d 43, 50 (Miss. 1992).
¶ 7. To be admissible, confessions must be given voluntarily and must not be the product of inducements, threats or promises. Morgan v. State, 681 So.2d 82, 86 (Miss. 1996). The State bears the burden of proving, beyond a reasonable doubt, the voluntariness of a statement and its admissibility. Id. The prosecution can meet this burden and establish a prima facie case by presenting the testimony of an officer or other person with personal knowledge regarding whether the statement or confession was made voluntarily. Chase v. State, 645 So.2d 829, 838 (Miss. 1994). To rebut the State's prima facie case, the defendant must offer testimony that coercion, threats or offer of reward induced the confession. Tolbert v. State, 511 So.2d 1368, 1376 (Miss. 1987) (quoting Agee v. State, 185 So.2d 671, 673 (Miss. 1966)). If the defendant is able to rebut this prima facie case, the State is obligated to bring forth all witnesses to the confession. Lesley v. State, 606 So.2d 1084, 1091 (Miss. 1992).
¶ 8. Once a statement has been found admissible in a preliminary hearing pursuant to the correct legal standard, its admission into evidence will be upheld on appeal unless the appellate court finds that the trial court manifestly erred or that the trial court's decision to admit the statement was against the overwhelming weight of the evidence. Hunt v. State, 687 So.2d 1154, 1160 (Miss. 1996); Hunter v. State,684 So.2d 625, 633 (Miss. 1996). See also Frost v. State, 483 So.2d 1345, 1350 (Miss. 1986).
¶ 9. The trial court conducted a hearing on the motion to suppress Brown's confession. *Page 928 
During that hearing, Brown testified that Detective Amundson read him his rights. He admitted signing the waiver of rights form identified as exhibit 2 during the suppression hearing, as well as giving Detective Amundson a statement which was reduced to writing and read back to him before he signed it. While having acknowledged signing these forms, Brown claims to have been beaten by a police officer upon arrival at the police station. Brown claims to have informed some unidentified officer of this beating. However, he does not claim that his statement was given as a result of this alleged beating. According to Brown, Detective Amundson coerced and pressured him into making a statement. Both Detective Amundson and Sergeant Youngblood, one of the officers questioning Brown, testified that Brown was not beaten and was not coerced or pressured into making a statement. In Abram v. State, 606 So.2d 1015, 1031 (Miss. 1992), the Mississippi Supreme Court stated, "the trial judge must absolutely resist any inclination to consider whether the confession is truthful or authentic; the focus must be limited to the voluntariness of the confession."
¶ 10. The State made a prima facie case of voluntariness. Brown, even with his claims of violence and coercion, was unable to rebut the prima facie case of voluntariness by evidence of threats, violence, coercion, undue influence, or hope of reward. The trial judge's finding is factually supported by the evidence and properly applies the law. Accordingly, this Court finds no error in the denial of the motion to suppress.
 II. Did the trial court err in granting State jury instructions S-2, S-3, and S-4?
¶ 11. Brown argues that granting State jury instructions S-2 on deliberate design murder, S-3 on depraved heart murder and S-4 on manslaughter constituted reversible error for three reasons. First, he argues that instruction S-2 on deliberate design murder coupled with instruction S-3 on depraved heart murder formed an improper amendment to the indictment. Brown asserts that he was not provided with adequate and sufficient notice of the amended charge and could not properly defend the substance of the indictment. Second, Brown argues that the depraved heart murder instruction, instruction S-3, was an improper allowance of a constructive amendment to the indictment, which materially altered and broadened the basis for his conviction. He claims that this instruction was unfairly duplicitous and an improper comment on the evidence by the court. Finally, Brown claims that the instructions, as a whole, were confusing, misleading and in conflict with each other.
¶ 12. The State correctly argues that Brown failed to object to jury instructions S-2 and S-4 on deliberate design and manslaughter, respectively. "If no objection is made to an instruction at trial, then a party is procedurally barred from review on appeal." Edwards v. State,737 So.2d 275 (¶ 87) (Miss. 1999) (citing Jackson v. State,684 So.2d 1213, 1226 (Miss. 1996)). Because Brown failed to object to jury instruction S-2 on deliberate design murder and jury instruction S-4 on manslaughter, he is now barred from having those issues reviewed on appeal.
¶ 13. Jury instruction S-3 instructed the jury on depraved heart murder as it appears in Miss. Code Ann. § 97-3-19 (Supp. 2000). Section 97-3-19 (1)(a) and (b) states that "[t]he killing of a human being without the authority of law by any means or in any manner shall be *Page 929 
murder . . . when done with deliberate design to effect the death of the person killed, or . . . when done in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless of human life . . . without any premeditated design. . . ." Although the structure of the statute suggests two different kinds of murder, "deliberate design/premeditated murder and depraved heart murder," they are combined. Mallett v. State, 606 So.2d 1092, 1095 (Miss. 1992). See also Slater v. State, 731 So.2d 1115 (¶ 19) (Miss. 1999). In Mallett, the supreme court concluded that, as a matter of common sense, every murder committed with deliberate design is by definition done in the commission of an act imminently dangerous to others, evincing a depraved heart. Id. (holding, for all practical purposes, that the two types of murder integrate so that section 97-3-19 (1)(b) subsumes section (1)(a)); see also Catchings v. State, 684 So.2d 591, 598-99 (Miss. 1996); Windham v. State, 602 So.2d 798 (Miss. 1992) Fairman v. State, 513 So.2d 910, 913 (Miss. 1987); Johnson v. State, 475 So.2d 1136, 1139-40 (Miss. 1985); Talbert v. State, 172 Miss. 243, 250, 159 So. 549, 551 (1935).
¶ 14. The supreme court has consistently held that depraved heart murder subsumes "deliberate design/premeditated murder." Therefore, the depraved heart murder instruction did not constructively amend the indictment. This assignment of error is without merit.
¶ 15. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTIONON AGGRAVATED ASSAULT WITH A WEAPON AND SENTENCE TO SERVE A TERM OFTWENTY YEARS AND CONVICTION OF MURDER AND SENTENCE TO SERVE A TERM OFLIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUNCONCURRENTLY WITH SENTENCE IN COUNT I ARE AFFIRMED. ALL COSTS OF THISAPPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING,MYERS AND CHANDLER, JJ., CONCUR.