KING, P.J.,
for the court.
¶ 1. Lindsay Kathryn Welch was found guilty in the Circuit Court of Oktibbeha County, Mississippi of culpable negligence manslaughter in the death of her infant son. She was sentenced to serve a term of eight years in the custody of the Mississippi Department of Corrections. Aggrieved, Welch has appealed and raised the following issues which are cited verbatim:
I. Whether the trial court erred in allowing the admission of evidence which was based on an illegal search of Welch’s home.
II. Whether the trial court erred in admitting Welch’s second statement into evidence which was considered a coerced confession.
III. Whether the trial court erred in allowing the death qualification of the jury panel based on an indictment which could not be proven, substantially prejudicing the entire venire.
IV. Whether the trial court erred in denying Welch’s request for the lesser-included instruction of misdemeanor child abuse.
V. Whether the verdict was against the overwhelming weight of the evidence.
FACTS
¶ 2. In March 1999, Welch was a nineteen year old freshman at Mississippi State University, who lived in a house in Starkville owned by her parents. Welch was pregnant but did not seek pre-natal care nor advise anyone of her pregnancy. She testified to being unaware of this pregnancy until late February.
¶ 3. On March 19,1999, at approximately 10:00 p.m., Welch gave birth in the bathroom while at home alone. After the delivery, Welch cleaned the baby off, cut the umbilical cord with scissors and wrapped the baby in a couple of towels. She stated that, “I thought that he might be cold and that he probably was so I reached over into the cabinets and got some towels and wrapped him up in the towels hoping that that would keep him warm.” Welch then placed the baby on the kitchen counter, returned to the living room and laid on the sofa.
¶ 4. At approximately 1:00 a.m., Welch went to the kitchen to cheek on the baby. She testified that his hand felt cold. Welch then felt his chest for a heartbeat. She indicated there was none. Welch testified that “the only thing that really came to my mind or maybe that didn’t come to my mind, the only thing that I did was I put my son in a trash bag.” Afterwards, Welch went into the living room and sat on the sofa with the bag next to her on the floor for approximately nine hours.
¶ 5. The next morning Welch placed the bag into a plastic garbage can on the back of her patio. This particular garbage can was never used for trash. Welch placed the can outside her bedroom window where it remained for several weeks.
¶ 6. According to Welch, one Friday afternoon, her parents came over to assist in cleaning the yard. Her dad noticed a smell coming from the trash can and told her to clean out the trash can. Welch stated that she could not recall who placed the bags in the front of the house.
¶ 7. On April 12, 1999, Officer Virginia Rich of the Starkville Police Department, received an anonymous phone call from a male who stated that Lindsay Welch had given birth to a child at 100 East Gillespie Street, who was possibly dead on the premises. Officers Virginia Rich and Mike Smith (also with the Starkville Police Department) went to that location, where Officer Rich knocked on the door and found that no one was home.
*667 ¶ 8. The officers found a strong odor emanating from a garbage bag near the edge of the street in front of Welch’s home. Officer Smith opened the bag and found a second bag. In the second bag, he found what appeared to be an infant wrapped' in towels. Officer Smith then contacted the coroner, Mike Hunt, while Officer Rich took photographs of the scene.
¶ 9. Welch pulled into the driveway, saw the officers standing near the garbage bag, and asked one of the officers, “What was that smell?” After looking at the contents in the bag, Welch was asked to sit in Officer Rich’s car.
¶ 10. Welch agreed to go to the police department with the officer. Officer Rich stated that prior to talking with Welch, she orally explained to Welch that she did not have to be there and that she could leave at any time. Officer Rich indicated that át the police department, she explained the information contained in the waiver of rights form and Welch signed the waiver and talked with the officer for approximately two and one-half hours. According to Officer Rich, she presented the form to Welch as a formality or safety measure. Welch gave a handwritten statement to Officer Rich.
¶ 11. Upon conclusion of the interview, Officer Rich asked Welch for permission to search her home. According to Officer Rich, Welch gave oral approval to' the search and executed a written consent to search prior to commencement of. the search. The search, was done on April 12th.
¶ 12. Later, Officer Rich phoned Welch and requested that, she come back to the police department where she was told that her written statement needed to be notarized. Additionally, Welch was asked to execute an authorization for release of her medical records.
¶ 13. The next day, Welch was taken to the Women’s Clinic in Starkville, where Dr. Will Locke examined her. After the examination, Officer Rich took' Welch back to the police department. Subsequently, Welch was placed under arrest for capital murder.
¶ 14. Officer Rich'' testified that she spoke with the prosecutor’s office prior to Welch’s first statement and on that same day, April 12, spoke with the district attorney personally regarding this matter. On April 13, Officer Rich spoke with one of the assistant district attorneys on this matter. After which she returned to the county jail and secured a second statement from Welch. Officer Rich stated that she wrote what Welch said verbatim, after which Welch signed the statement.
¶ 15. Welch was indicted for capital murder in the death of her infant son pursuant to Mississippi Code Annotated Section 97 — 3—19(2)(f) (Rev.2000). After a jury trial, Welch was found guilty of manslaughter by culpable negligence and was sentenced to serve a term of eight years in the custody of the Mississippi Department of Corrections.
ISSUES AND ANALYSIS
STANDARD OF REVIEW
¶ 16. This Court adheres to the following standard when there is an issue regarding admissibility of evidence.
The admissibility of evidence rests within the discretion of the trial court. However, this Court must also determine whether the trial court employed the proper legal standards in its fact findings governing evidence admissibility. If in fact the trial court has incorrectly perceived the applicable legal standard in its fact findings, the Court applies a substantially broader standard *668 of review. However, a denial of a substantial right of the defendant must have been affected by the court’s evidentiary ruling. Furthermore, the trial court’s discretion must be exercised within the scope of the Mississippi Rules of Evidence and reversal will be appropriate only when an abuse of discretion resulting in prejudice to the accused occurs.
Hayes v. State, 803 So.2d 473 (¶ 4) (Miss. Ct.App.2001) (citations omitted).
I.
Whether the trial court erred in allowing the admission of evidence which was based on an illegal search of Welch’s home,
17. Welch contends that the trial court erred in allowing the admission of evidence which was the result of an illegal search of her home. Welch maintains that the two officers looked around her house on the basis of an anonymous tip, when she was not at home and proceeded to untie a trash bag near the street, but on her property. Welch contends that the search and subsequent seizure of the evidence was conducted without probable cause or exigent circumstances to justify a warrantless intrusion, even if there had been probable cause.
¶ 18. A warrantless search or seizure may be conducted based on probable cause where garbage is left outside for pick-up and there no longer exists an expectation of privacy in the items which were discarded. Campbell v. State, 278 So.2d 420, 422-23 (Miss.1973). We find that Welch did not have an expectation of privacy in what appeared to be garbage left for collection; therefore, the trial court did not abuse its discretion in admitting the evidence obtained by the officers.
II.
Whether the trial court erred in admitting Welch’s second statement into evidence which was considered a coerced confession.
¶ 19. Welch contends that her second statement was handwritten by Officer Rich in language chosen by Officer Rich to secure a capital murder charge after conferring with the district attorney, and that she was coerced into signing it. Welch claims that after reading the statement written by Officer Rich, she indicated her disagreement with some of the statements but was told by the officer, “Don’t worry about it. Sign anyway. We will worry about that later.”
¶ 20. Officer Rich maintains that Welch did not want to write due to poor penmanship and that she wrote verbatim what Welch said. Officer Rich also acknowledged consultation with the district attorney and one of the assistant district attorneys regarding this case.
¶21. In reviewing the voluntariness of a statement, this Court cannot disturb a trial court’s findings unless the trial court committed manifest error, applied an incorrect legal standard, or the decision was contrary to the overwhelming weight of the evidence. Wright v. State, 730 So.2d 1106(¶ 11) (Miss.1998). In determining whether a statement was voluntarily given, the trial court is guided by the following standard:
The trial court must look at the totality of the circumstances in making the factual inquiry into the voluntariness of a statement or confession. O’Halloran v. State, 731 So.2d 565 (¶ 18) (Miss.1999). “ ‘The applicable standard for determining whether a confession is voluntary is whether, taking into consideration the totality of the circumstances, the statement is the product of the accused’s free *669 and rational choice.’ ” Herring v. State, 691 So.2d 948, 956 (Miss.1997) (quoting Porter v. State, 616 So.2d 899, 907-08 (Miss.1993)). The defendant bears a heavy burden in attempting to reverse a trial court’s decision that a confession is admissible. Smith v. State, 737 So.2d 377(¶ 11) (Miss.Ct.App.1998).
Morris v. State, 798 So.2d 603 (¶ 8) (Miss. Ct.App.2001).
¶22. Based on the record, Welch has failed to establish that the trial court erred in admitting her second statement into evidence. While Welch stated that she did not want to sign the second statement, she also indicated that she just did not know any better and signed it because she was told that no one would see the statement. Welch did not offer testimony which showed that coercion, threats or offers of reward induced the confession. Brown v. State, 781 So.2d 925(¶ 7) (Miss.Ct.App. 2001). Welch voluntarily signed both statements and a waiver of rights' form. Therefore, we affirm the trial court’s decision.
III.
Whether the trial court erred in allowing the death qualification of the jury panel based on an indictment which could not be proven, substantially prejudicing the entire venire.
¶ 23. Welch contends that the trial court erred in allowing the death qualification voir dire of the jury panel based on an indictment which could not be proven. She maintains that this questioning prejudiced the entire venire. Welch asserts that the State knew that they did not have enough evidence to support a capital murder charge, but wanted to make sure that defense oriented jurors would be eliminated from the panel. She claims that the capital murder indictment was illegally used by the State for this purpose.
¶ 24. The court stated in Watts v. State, 717 So.2d 314(¶ 14) (Miss.1998):
That it is a fundamental principle of our criminal justice system that a prosecutor is afforded prosecutorial discretion over what charge to bring in any criminal trial. See United States v. Batchelder, 442 U.S. 114, 124, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) (“Whether to prosecute and what charges to file or bring before a grand jury are decisions that generally rest in the prosecutor’s discretion.”); Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (“In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.”). Furthermore, this court, in Ladner v. State, 584 So.2d 743 (Miss. 1991), stated that the capacity of prose-cutorial discretion to provide individualized justice is “firmly entrenched in American law.” As we have noted a prosecutor can decline to charge, offer a plea bargain, or decline to seek a death sentence in any particular case. Of course, “the power to be lenient [also] is the power to discriminate,” but a capital punishment system that did not allow for discretionary acts of leniency “would ' be totally alien-to our notions of criminal justice.” Ladner, 584 So.2d at 751. '
¶25. ’Welch was charged'with' capital murder pursuant to Mississippi Code Annotated Section 97 — 3—19(2)(f) (Rev.2000).[1] *670 The State, through its witnesses and exhibits, attempted to show that a child was born alive, placed in a garbage bag while breathing, not given any health care and left alone, and that these actions constituted felony abuse pursuant to Miss.Code Ann. Section 97-5-39(2) (Rev.2000).[2] The State failed to prove its charge. After hearing the evidence presented, the jury determined that Welch’s actions did not constitute capital murder.
¶ 26. Welch’s brief does not support the allegation that the State failed to attempt to prove capital murder. There was in fact testimony offered by the State in an effort to prove this was a capital murder case. However, the jury, as was its right, did not find that evidence persuasive.
¶ 27. Nor does Welch raise an objection to the voir dire of any particular juror, but asserts that, “but for” the capital murder indictment, the prosecution would not have been able to eliminate jurors from the panel based upon death penalty qualification. Welch does not offer proof that the State obtained the indictment to gain an advantage in prosecuting this case. Therefore, we find that the trial court did not commit error in allowing the death qualification of the jury panel.
IV.
Whether the trial court erred in denying Welch’s request for the lesser-included instruction of misdemeanor child abuse.
¶ 28. Welch contends that the trial judge’s refusal to allow the instruction on misdemeanor child abuse constitutes reversible error. A defendant is generally entitled to any instruction which is legally and factually accurate. Yates v. State, 685 So.2d 715, 719 (Miss.1996). To determine whether the trial judge erred in denying Welch’s requested jury instruction, this Court applies the following standard:
The refusal of a timely requested and correctly phrased jury instruction on a genuine issue of material fact is proper, only if the trial court — and this Court on appeal — can say, taking the evidence in the light most favorable to the party requesting the instruction, and considering all reasonable favorable inferences which may be drawn from the evidence in favor of the requesting party, that no hypothetical, reasonable jury could find the facts in accordance with the theory of the requested instruction.
Finley v. State, 725 So.2d 226 (¶ 14) (Miss. 1998) (citations omitted).
¶ 29. Welch was charged with capital murder with felony child abuse as the underlying offense pursuant to Miss.Code Ann. Section 97-5-39(2) (Rev.2000). She maintains that the elements necessary to prove felonious child abuse were not established, and she therefore was entitled to an instruction on the lesser-included-offense of misdemeanor abuse. Welch also asserts that the evidence could support misdemeanor abuse. She cites to Payton v. State, 642 So.2d 1328, 1335 (Miss.1994), where the elements of misdemeanor child *671 abuse include whether a party did: “(1) willfully (2) cause (3) nonaccidental physical injury (4) to a child.”
¶ 30. Misdemeanor child abuse addresses the degree of injury. Payton v. State, 642 So.2d 1328, 1335 (Miss.1994). Death represents the ultimate degree of injury. If the action results in death, it is either felony child abuse or not, and therefore a lesser-included-offense instruction is not appropriate. This Court notes that Welch was appropriately given a lesser-included-offense instruction[3] on the charge of manslaughter.
y.
Whether the verdict was against the overwhelming weight of the evidence.
¶ 31. Welch contends that there was overwhelming testimony presented which suggests that she may have been guilty of willfully causing the non-accidental injury of her child. Welch maintains that the jury did not consider this option because they were unable to do so. She also asserts that the jurors chose the least crime presented for their consideration.
¶ 32. Our standard of review for claims that a judgment is against the overwhelming weight of the evidence is as follows:
In determining whether a jury verdict is against the overwhelming weight - of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. -As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.
Baker v. State, 802 So.2d 77 (¶ 14) (Miss. 2001) (citations omitted).
¶ 33. Having 'reviewed the record, we find that the judgment is not against the overwhelming weight of the evidence and affirm the trial court’s decision.
¶ 34. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT OF CONVICTION OF CULPABLE NEGLIGENCE MANSLAUGHTER AND SENTENCE OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*672 McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.

. (2) The killing of a human being without the authority of law by any means or in any manner shall be capital murder in the following cases:
*670 (f) When done with or without any design to effect death, by any person engaged in the commission of the crime of felonious abuse and/or battery of a child in violation of subsection (2) of Section 97-5-39, or in any attempt to commit such felony.... Miss.Code Ann. Section 97-3-19(2)(f)(Rev.2000).

. (2) Any person who shall intentionally (a) burn any child, (b) torture any child or, (c) except in self-defense or in order to prevent bodily harm to a third party, whip, strike or otherwise abuse or mutilate any child in such a manner as to cause serious bodily harm, shall be guilty of felonious abuse and/or battery of a child and, upon conviction, may be punished by imprisonment in the penitentiary for not more than twenty (20) years .... Miss.Code Ann. Section 97-5-39(2)(Rev.2000).

. Instruction SGP-2A: The court instructs the Jury that if you find the defendant guilty of Capital Murder, the form of your verdict should be as follows:
"We, the Jury, find the defendant guilty of Capital Murder.”
The Court further instructs the Jury that even if you do not find the defendant guilty of Capital Murder, you shall continue in your deliberations to determine if the defendant is guilty of the lesser-included offense of Murder. If you find the defendant guilty of Murder, the form of your verdict should be as follows:
"We, the Jury, find the defendant guilty of Murder.”-
The Court further instructs the Jury that even if you do not find the defendant guilty of Capital Murder or the lesser-included offense of Murder, you shall continue in your deliberations to determine if the defendant is guilty of the lesser-included offense of Manslaughter. If you find the defendant guilty of Manslaughter, the form of your verdict should be as follows:
"We, the Jury, find the defendant guilty of culpable negligence Manslaughter.”
The Court further instructs the Jury that if you find the defendant not guilty, the form of your verdict should be as follows:
"We, the Jury, find the defendant not guilty.” You should write your verdict on a separate sheet of paper.