LEE, J.,
for the Court.
PROCEDURAL HISTORY
¶ 1. On March 19, 2003, a jury in the Circuit Court of Noxubee County convicted Christopher L’Amont Little of murder and aggravated assault. Little was sentenced to a term of life in prison for the murder charge and ten years for the aggravated assault, to run consecutively with the life sentence, all to be served in the custody of the Mississippi Department of Corrections. Little subsequently filed a motion for a new trial as well as a motion for a judgment notwithstanding the verdict, both of which were denied by the trial court on April 8, 2003. Little now appeals to this Court asserting that the trial court erred in granting the State’s jury instruction S-2 and that the trial court erred in providing a strategy to the State, thereby exhibiting judicial bias.
FACTS
¶ 2. On March 27, 2000, Little and Michael Brandon, his first cousin, went to the West Side Café, also known as the Q-5 Club, in Macon, Mississippi. They arrived in Little’s car at approximately 10:00 p.m., remaining in the parking lot for a while before entering the club. While in the club, a fight broke out and the patrons exited the club, including Little, who was injured during the fight, and Brandon. While in the parking lot, people began *122 shouting that someone had a gun. Little then pulled his pistol from his trousers and began firing into the car where the victims were. Eric Donta Jamison was killed and Dennis Mitchell was wounded.
DISCUSSION OF ISSUES
I. DID THE TRIAL COURT ERR IN GRANTING JURY INSTRUCTION S-2?
¶ 3. In his first issue, Little claims that the trial court erred in granting jury instruction S-2. Specifically, Little contends that in granting the jury instruction, the State was allowed to improperly amend the indictment. In reviewing a challenge to jury instructions, the instructions actually given must be read as a whole. Williams v. State, 803 So.2d 1159(¶ 7) (Miss.2001). When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found. Id.
¶ 4. Count I of the indictment stated, in pertinent part, as follows:
Christopher L’Amont Little late of the County aforesaid, did on or about the 28th day of October, 2000, in the County aforesaid, unlawfully, wilfully, and felo-niously, with the deliberate design to effect death, kill and murder a human being, Donta Jamison, without authority of law and not in necessary self defense, in violation of MCA § 97-13-9-
¶ 5. At the conclusion of the trial, the State submitted the following instruction which the Court granted over Little's objection.
The Court instructs the Jury that Murder is the killing of a human being, not in necessary self-defense, and without authority of law, by any means or by any manner, when done with the deliberate design to effect the death of the person killed or when done in the commission of an act eminently dangerous to others evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual.
Therefore, the Court instructs the Jury that if you believe from the evidence in this case beyond a reasonable doubt that the Defendant, Christopher L’Amont Little, on or about October 28, 2000, did unlawfully, willfully, and felo-niously kill and murder Donta Jamison without authority of law and not in necessary self-defense, AND
(1) with the deliberate design to effect the death of Donta Jamison, OR
(2) while engaged in the commission of an act eminently dangerous to others and evincing a depraved heart, disregarding the value of human life, whether or not he had any intention of actually killing Donta Jamison, by shooting Don-ta Jamison and causing Donta Jamison to bleed to death,
then Christopher L’Amont Little is guilty of Murder, and it is your sworn duty to so find.
¶ 6. Mississippi Code Annotated Section 97-3-19 (Rev.2000) states, in pertinent part, that murder is “[t]he killing of a human being without the authority of law by any means or in any manner shall be murder ... (a) when done with deliberate design to effect the death of the person killed, ... (b) when done in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless of human life ... without any premeditated design.... ” In Schuck v. State, 865 So.2d 1111(¶ 19) (Miss.2003), the supreme court reiterated earlier holdings in concluding that every murder committed with deliberate design is by definition done in the commission of an act imminently dangerous to others, evincing a depraved heart; thus the two *123 types of murder integrate so that section 97 — 3—19(l)(b) subsumes section (l)(a). See also Brown v. State, 781 So.2d 925(¶ 13) (Miss.Ct.App.2001); Sanders v. State, 781 So.2d 114(¶ 13) (Miss.2001); Catchings v. State, 684 So.2d 591, 598-99 (Miss.1996); Mallett v. State, 606 So.2d 1092, 1095 (Miss.1992). Therefore, the depraved heart murder instruction did not constructively amend the indictment. We find this issue to be without merit.
II. DID THE TRIAL COURT ERR IN PROVIDING A STRATEGY TO THE STATE, THEREBY EXHIBITING JUDICIAL BIAS?
¶7. In his remaining issue, Little claims that during the questioning of one of the State’s witnesses, the trial judge stopped the State’s questioning and improperly gave the State a new strategy. Little contends that this action by the trial judge deprived him of his chosen defense. In his brief, Little cites to the record where the State attempted to question a police officer about another suspect in the case who died a year before the trial. After the State tried to get the police officer to testify as to the deceased man’s statements concerning the incident, the judge, once the jury was excused, stated:
I’ve had about enough. Can you tell me why you think that’s admissible? Tell me why you think the statement of somebody that is now dead and is not a witness and who has not given testimony under oath previously is admissible. There was no objection by the defense counsel. I’m sure they’re not even going to object probably because they’re going to want to try to get in some evidence of what he said to some other people too.
Little’s counsel then objected stating that “[w]e haven’t gotten any of this in discovery is the first objection we’re going to make. After we see what he says, I mean, you know — .” To which the judge responded:
—After you see what he says, then you’re going to try to introduce the witness y’all tried to tell me about earlier that was in the courtroom and I’m going to have to let them probably because you’re doing that. Do you understand what I’m trying to tell you?
The State then responded: “Yes, sir. At this point we would withdraw that question.”
¶ 8. “It is the supreme duty of a trial judge, in so far as it is humanly possible, to hold the scales of justice evenly balanced between the litigants.” West v. State, 519 So.2d 418, 422 (Miss.1988). In Murphy v. State, 453 So.2d 1290 (Miss.1984), the prosecution did not object to hearsay statements elicited by the defendant while cross-examining a State’s witness. On redirect, the prosecution then elicited further hearsay testimony from its witness. During the redirect, the defense objected but the trial court overruled the objection saying that the defense had “opened the door.” However, the supreme court found this action by the trial court constituted reversible error and reversed and remanded for a new trial, stating that “[t]he State cannot sit silent while the defense elicits hearsay and then seek to solicit hearsay in response.... [Y]ou simply cannot ‘open the door’ to hearsay.” Id. at 1294.
¶ 9. We cannot find that there was any error committed by the trial judge in deciding to prohibit the parties from introducing hearsay into evidence. We also cannot find that the judge showed any bias toward the prosecution in so ruling.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF NOXUBEE COUNTY OF CONVICTION OF COUNT I, MURDER AND SENTENCE *124 OF LIFE; COUNT II, AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS TO RUN CONSECUTIVELY TO SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.