913 So.2d 385 (2005)
Johnny CRUMP, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2004-CP-01632-COA.
Court of Appeals of Mississippi.
April 19, 2005.
*386 Johnny Crump, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., MYERS and BARNES, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On February 20, 2004, a jury in the Lincoln County Circuit Court found Johnny Crump guilty of six counts of embezzlement. Crump was sentenced to serve ten years in the custody of the Mississippi Department of Corrections. Crump then appealed this conviction on March 19, 2004, but, as he failed to pay the costs of the appeal, a notice of deficiency was issued on April 6, 2004. On May 13, 2004, Crump's appeal was ultimately dismissed pursuant to M.R.A.P. 2(a)(2), for failure to pay the costs of appeal. Subsequently, Crump filed a motion for post-conviction relief requesting that he be allowed to file an out-of-time appeal. On July 9, 2004, the trial judge denied Crump's motion for post-conviction relief and out-of-time appeal. Crump now appeals to this Court asserting that the trial judge erred in denying his motion for an out-of-time appeal.

STANDARD OF REVIEW
¶ 2. The standard of review for a denial of a post-conviction motion is well-stated: The findings of the trial court must be clearly erroneous in order to overturn a lower court's denial of a post-conviction relief motion. McClinton v. State, 799 So.2d 123, 126(¶ 4) (Miss.Ct.App.2001).

DISCUSSION

I. DID THE TRIAL JUDGE ERR IN DENYING CRUMP'S MOTION FOR AN OUT-OF-TIME APPEAL?
¶ 3. In his only issue on appeal, Crump argues that the trial judge erred in denying his motion for an out-of-time appeal. Crump claims that the untimely appeal was not his fault and, thus, he should be appointed another attorney to pursue his appeal. According to Mississippi Code Annotated Section 99-39-5(1) (Supp.2004), "[a]ny prisoner in custody under sentence of a court of record of the State of Mississippi who claims ... (h) [t]hat he is entitled to an out-of-time appeal ... may file a *387 motion to vacate, set aside or correct the judgment or sentence, or for an out-of-time appeal." Furthermore, "[n]o relief shall be granted under this article unless the prisoner proves by a preponderance of the evidence that he is entitled to such." Miss.Code Ann. § 99-39-23(7) (Supp.2004).
¶ 4. According to Rule 6(b)(1)of the Mississippi Rules of Appellate Procedure, "[a]ppointed trial counsel shall continue as defendant's counsel on appeal unless relieved by order of the trial court...." Furthermore, "a party who has been permitted to proceed in forma pauperis in the trial court may proceed on appeal in forma pauperis without further authorization unless, before or after the notice of appeal is filed, the trial court shall certify that the party is no longer indigent and is not otherwise entitled to proceed in forma pauperis." M.R.A.P. 6(a)(2).
¶ 5. It is unclear from the record as to why Crump's appointed trial counsel declined to appeal his conviction. The record contains no order by the trial court relieving Crump's trial counsel of his duty. The record is also unclear as to why Crump's appellate attorney, Sharon Henderson, failed to obtain the costs of the appeal. Crump asserts that Sharon Henderson knew he was indigent. If Crump had been granted in forma pauperis status, then that status would also apply to his appeal. We can only assume that as Crump's trial counsel was appointed, he had been declared indigent. The costs of his appeal then should have been paid by Lincoln County. However, if Crump had not been granted in forma pauperis status, then Henderson should have filed for such.
¶ 6. We find that the trial court erred in denying Crump's motion for an out-of-time appeal. We reverse and remand for the appointment of appellate counsel for Crump and consideration of his in forma pauperis status.
¶ 7. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.