962 So.2d 154 (2007)
Johnny CRUMP, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-00454-COA.
Court of Appeals of Mississippi.
August 7, 2007.
*155 David Fitzgerald Linzey, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., GRIFFIS and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. Johnny Crump appeals his conviction of six counts of embezzlement under contract. He raises the following two issues: (1) that the evidence was insufficient to support the guilty verdict; and (2) that the indictment should have charged him with larceny and not embezzlement under contract. Finding no error, this Court affirms.

FACTS
¶ 2. On February 6, 2003, Johnny Crump entered into six rental contracts for furniture and electronics with Superior Rent-to-Own in Hazlehurst, Mississippi. For a down payment of $380.01, Crump received possession of the following items: (1) a JVC home theater system, (2) a Sony Rack stereo system, (3) a Samsung big-screen television, (4) a cherry bedroom set that included a mattress set, (5) a dinette set, and (6) a living room set, consisting of a sofa and loveseat, a coffee table, and an end table. The retail value of the items totaled $14,047.
¶ 3. Under the terms of the contracts, Crump was to make monthly payments on the furniture, beginning March 6, 2003. Additionally, Crump was to notify Superior of any changes in his address. Crump agreed that, in the event he defaulted under the contracts, Superior had the right to repossess the items. Crump also agreed that he would be responsible for damage, other than normal wear or tear, to the items he leased.
¶ 4. Billy Shane Smith, the manager of the Hazlehurst Superior store, testified that he opened Crump's account and observed Crump while he completed and signed the contracts. When Crump did not make his first scheduled payment on March 6, 2003, Smith attempted to contact *156 Crump. Smith was unable to reach Crump at the address or phone number on the contracts. Smith then attempted to contact Crump's references but was unsuccessful in reaching anyone other than Crump's father. Crump's father advised Smith that Crump had moved to Jackson but had left no forwarding address and no contact information.
¶ 5. On March 10, 2003, Smith sent Superior's standard letter of delinquency to Crump at his father's address. That letter stated in pertinent part as follows: "If you have not paid or returned our property within seven days from the date of this letter, we will assume that you do not intend to return the rental property and you will be subject to criminal prosecution."
¶ 6. Leanne James, who took over as manager of the Hazlehurst Superior store in late March 2003 also testified that she made numerous unsuccessful attempts to reach Crump. Having exhausted all avenues to locate Crump, James "charged off" the merchandise, in accordance with store policy, on May 20, 2003. Thereafter, on July 8, 2003, she received a call from the manager of the Shady Creek Mobile Home Park in Jackson, Mississippi. The manager had seen the name and number of the store on some of the abandoned items and had contacted Superior to see if they were interested in retrieving the items. James immediately sent a crew to pick up the merchandise. When the crew arrived in Jackson, they did not find any of the electronic equipment. The furniture  the dinette set, the bedroom set, and the living room set  was at the mobile home park, but it was completely destroyed.

PROCEDURAL HISTORY
¶ 7. Crump was indicted on six counts of embezzlement under contract on August 7, 2003. Following a jury trial on February 20, 2004, he was convicted of all six counts and sentenced as an habitual offender. The trial court ordered that Crump serve ten years on each count, with the sentences to run concurrently. As an habitual offender, Crump was not eligible for parole.
¶ 8. Crump appealed his conviction on March 19, 2004. Ultimately, that appeal was dismissed on May 13, 2004, for failure to pay costs. Crump then filed a motion for post-conviction relief, arguing that he should be permitted an out-of-time appeal. Following the trial judge's denial of that motion, Crump appealed. This Court granted Crump's appeal and permitted him to proceed with his direct appeal out-of-time. See Crump v. State, 913 So.2d 385 (Miss.Ct.App.2005).

ANALYSIS
¶ 9. Crump raises the following issues on appeal: (1) that the evidence was insufficient to sustain a conviction for embezzlement under contract; and (2) that the indictment should have charged Crump with larceny, not embezzlement under contract.
1. Sufficiency of the evidence
¶ 10. Crump argues that, in order to prove embezzlement under contract, the State was required to prove that Crump intended to appropriate the rental merchandise at the time he signed the contract with Superior. In support of this argument, Crump cites the down payment he gave Superior, his use of a valid state-issued ID card to rent the furniture, and his own testimony that he believed his girlfriend was making the monthly rental payments.
¶ 11. During trial, Crump made a motion for a directed verdict, which the trial court denied. Crump also requested, and *157 was denied, a peremptory jury instruction that he be found not guilty. Following the jury's verdict, Crump made a motion for a judgment notwithstanding the verdict. That motion was also denied.
¶ 12. In reviewing the denial of a motion for a directed verdict or a motion notwithstanding the verdict, this Court considers the sufficiency of the evidence. See Gleeton v. State, 716 So.2d 1083, 1087(¶ 14) (Miss.1998). Under this standard of review, the Court must,
with respect to each element of the offense, consider all of the evidence  not just the evidence which supports the case for the prosecution  in the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Id. In the case sub judice, the evidence was sufficient for the jury to find Crump guilty of embezzlement under contract.
¶ 13. Embezzlement under contract is defined by statute as follows:
If any person shall fraudulently appropriate personal property or money which has been delivered to him on deposit, or to be carried or repaired, or on any other contract or trust by which he was bound to deliver or return the thing received or its proceeds, on conviction, he shall be punished by imprisonment in the penitentiary not more than ten years, or be fined not more than one thousand dollars and imprisoned in the county jail not more than one year, or either.
Miss.Code Ann. § 97-23-25 (Rev.2006). The statute itself is silent as to whether the intent to "fraudulently appropriate" the property must be formed at the time of the signing of the contract or whether it can be formed at some later date. The Mississippi Supreme Court, however, has addressed this issue and has held that embezzlement requires that the intent be formed at some time after the defendant receives the property. In Ruffin v. State, 482 So.2d 231, 232 (Miss.1986) (emphasis added), the Mississippi Supreme Court upheld a conviction for embezzlement under contract, finding that "the jury could find under the instant record that appellant formed the intent to embezzle or convert after he lawfully received the automobile and violated the trust imposed in him to return it." See also Medley v. State, 600 So.2d 957, 960 (Miss.1992) (identifying the differences between embezzlement and larceny to include the time that the defendant formed the intent to unlawfully take the property. Embezzlement requires that intent be formed at some point after the defendant lawfully obtains the property.). This interpretation is wholly consistent with the language of the statute and the elements of the crime of embezzlement under contract.
¶ 14. The State introduced evidence that Crump failed to notify Superior of at least two changes of address, in violation of the rental contract. The jury also heard from Crump himself that although he was responsible for the payments, he had not personally ensured that Superior had received the money. Additionally, the jury could reasonably have inferred from the testimony of Barksdale, Crump's former girlfriend, that Crump formed the requisite intent after the merchandise was destroyed. Barksdale testified that she *158 agreed to pay Crump for the merchandise because she was responsible for its destruction, but Crump failed to leave her his forwarding address and that she had no way to contact him. This evidence, viewed in the light most favorable to the prosecution, supports a finding that Crump formed the intent to fraudulently appropriate the rental merchandise at some point following the signing of the rental contracts. Accordingly, this issue is without merit.
2. Failure to charge Crump with larceny and improperly charging Crump with embezzlement under contract
¶ 15. In the alternative, Crump argues that he should have been charged with larceny and not with embezzlement under contract. Crump further argues that even if the State had charged him with larceny, such a charge could not stand.
¶ 16. This argument is nothing more than a red herring. The State, in the exercise of its prosecutorial discretion, opted to indict Crump under the embezzlement under contract statute. The law is clear that
[i]t is a fundamental principle of our criminal justice system that a prosecutor is afforded prosecutorial discretion over what charge to bring in any criminal trial. See United States v. Batchelder, 442 U.S. 114, 124, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) ("Whether to prosecute and what charges to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) ("In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.").
Watts v. State, 717 So.2d 314, 320(¶ 14) (Miss.1998). See also Welch v. State, 830 So.2d 664, 669(¶ 24) (Miss.Ct.App.2002). The State exercised its discretion in indicting Crump on charges of embezzlement under contract rather than larceny. As discussed, supra, the State met its burden of proof on those charges, and the evidence was sufficient to convict Crump of embezzlement under contract. Accordingly, what the State could have done is of no consequence. This issue is without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY OF CONVICTION OF SIX COUNTS OF EMBEZZLEMENT UNDER CONTRACT, IN VIOLATION OF MISSISSIPPI CODE ANNOTATED SECTION 97-23-25, AND SENTENCED AS AN HABITUAL OFFENDER UNDER MISSISSIPPI CODE ANNOTATED SECTION 99-19-81 TO SERVE SIX TEN-YEAR TERMS OF IMPRISONMENT WITHOUT THE POSSIBILITY OF PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, SENTENCES TO RUN CONCURRENTLY, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.