HAWKINS, Presiding Justice,
for the Court:
The State of Mississippi, by and through the district attorney for the Nineteenth Circuit Court District, has filed an appeal from the circuit court of Jackson County based upon the circuit judge’s failure to sentence Wendolyn Dale Lee to life without parole following his conviction of burglary of a church and proof that he was an habitual offender under Miss.Code Ann. § 99-19-83 (Supp.1991). Lee has cross-appealed challenging the merits. Because there is no statutory authority for the State’s appeal, we note our lack of jurisdiction and dismiss the State’s appeal. The conviction and sentence are affirmed on cross-appeal.
PACTS
Following his conviction by a jury, Lee was sentenced October 13, 1988, by the circuit court of Jackson County to life imprisonment without parole for the burglary of a church on July 4, 1986, and as an habitual offender under Miss.Code Ann. § 99-19-83.
On November 27, 1989, the circuit judge granted a new trial. Lee was again tried and again found guilty. On December 4, 1989, there was a sentencing hearing.
At the sentencing hearing, the State proved and Lee admitted to three former convictions:
1. burglary and larceny in the Jackson County Circuit Court and sentence to seven years on August 27, 1989;
2. conviction on same date of armed robbery in the same court and sentence to six years without parole; and
3. conviction of escape from the penitentiary in the circuit court of Sunflower County and sentence to serve one year.
The circuit judge did not sentence Lee to serve a term of life imprisonment without parole under the provisions of Miss.Code Ann. § 99-19-83, but sentenced him to serve twenty-five years, six of which were without parole.
The State has filed an appeal, and Lee, pro se, a cross appeal.
LAW
I. DIRECT APPEAL
Appeals by the State are governed by Miss.Code Ann. § 99-35-103 (Supp.1991), which reads in full:
§ 99-35-103. When state or municipality may appeal.
The state or any municipal corporation may prosecute an appeal from a judgment of the circuit court in a criminal cause in the following cases:
(a) From a judgment sustaining a demurrer to, or a motion to quash an indictment, or an affidavit charging crime; but such appeals shall not bar or preclude another prosecution of the defendant for the same offense.
(b) From a judgment actually acquitting the defendant where a question of law has been decided adversely to the state or municipality; but in such case the appeal shall not subject the defendant to further prosecution, nor shall the judgment of acquittal be reversed, but the supreme court shall nevertheless decide the question of law presented.
(c) From a ruling adverse to the state or municipality in every case in which the defendant is convicted and prosecutes an appeal; and in such case the whole record shall be carried before the supreme court on the direct appeal, and the case shall be treated as if a cross appeal had been formally prosecuted by the state. All questions of law thus presented shall be decided by the supreme court.
As neither this statute nor any other authorizes the appeal attempted by the State, this Court is without jurisdiction. *835 State v. Parks, 415 So.2d 704 (Miss.1982); State v. Key, 93 Miss. 115, 46 So. 75 (1908).
II. CROSS-APPEAL
Lee raises five issues on cross-appeal:
1. Sufficiency of the evidence.
2. Failure to grant a change of venue.
3. Lack of open trial.
4. Lack of proof of habitual offender status.
5. Contradictory testimony of the arresting officer.
After a review of the record and briefs in this case, we find no merit under any error assigned on Lee’s cross-appeal and affirm his conviction and sentence. See Burkett v. State, 484 So.2d 1046 (Miss.1986); Smith v. State, 484 So.2d 364 (Miss.1986); and Morea v. State, 329 So.2d 527 (Miss.1976).
DIRECT APPEAL BY STATE DISMISSED. CONVICTION OF BURGLARY AND SENTENCE OF TWENTY-FIVE (25) YEARS, SIX (6) YEARS TO BE SERVED AS A HABITUAL OFFENDER AFFIRMED. CROSS-APPEAL AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.