978 So.2d 1285 (2008)
Vernell SAGO a/k/a Varnell Sago a/k/a Vernall Sago, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01881-COA.
Court of Appeals of Mississippi.
April 8, 2008.
Vernell Sago, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before LEE, P.J., BARNES and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On or about August 1, 2005, Vernell Sago pleaded guilty in the Hinds County Circuit Court to the crime of business burglary. Sago was sentenced to serve a term of five years in the custody of the Mississippi Department of Corrections with two years supervised probation. On February 17, 2006, Sago filed a motion for post-conviction relief. The trial court subsequently denied Sago's motion for relief. Sago now appeals, asserting the following issues: (1) his guilty plea was not voluntary because he was promised a lighter sentence; (2) the trial court erred in granting the State's motion to amend the indictment; (3) the trial court erred in sentencing him to two years probation because, *1287 as a convicted felon, he was not eligible for probation; and (4) his counsel was ineffective. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 2. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

DISCUSSION
I. WAS SAGO'S PLEA INVOLUNTARY BECAUSE HE WAS PROMISED A LESSER SENTENCE?
¶ 3. In his first issue on appeal, Sago claims that his plea was involuntary because he was promised a lesser sentence. The record before us does not contain a transcript of Sago's guilty plea proceeding or his petition to enter a guilty plea, which we note was Sago's responsibility to provide. "[A]n appellant is responsible for bringing to our attention and presenting to this Court a record of trial proceedings sufficient to undergird his assignments of error." Winters v. State, 473 So.2d 452, 457 (Miss.1985). "Our law presumes that the judgment of the trial court is correct, and the appellant has the burden of demonstrating some reversible error to this Court." Buice v. State, 751 So.2d 1171, 1173(¶ 8) (Miss.Ct.App.1999) (citing Pierre v. State, 607 So.2d 43, 48 (Miss.1992)). Sago contends that his attorney informed him that the district attorney had offered Sago a sentence of five years, with three years to serve and two years suspended. In return, Sago claims, he would not be tried as a habitual offender, which he was charged as in the indictment. Sago includes an affidavit from his wife in which she also states he was offered five years with only three years to serve. It is clear from the record that Sago was indicted as a habitual offender with two prior felonies, but he was ultimately sentenced as a non-habitual offender. However, the result of Sago's failure to present a full record here is that the presumption of correctness stands unrebutted  Sago fails to carry his burden of proof. Smith v. State, 572 So.2d 847, 849 (Miss.1990).
II. DID THE TRIAL COURT ERR IN ALLOWING THE STATE TO AMEND THE INDICTMENT?
¶ 4. In his second issue on appeal, Sago argues that the trial court erred in allowing the State to amend the indictment to charge him with business burglary rather than house burglary. The law is well settled that "[a] valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment. . . ." Reeder v. State, 783 So.2d 711, 720(¶ 36) (Miss.2001). This issue is without merit.
III. DID THE TRIAL COURT ERR IN SENTENCING HIM TO PROBATION?
¶ 5. In his third issue on appeal, Sago argues that the trial court erred in sentencing him to two years probation because, as a convicted felon, he was not eligible for probation pursuant to Mississippi Code Annotated section 47-7-33(1) (Rev.2004). In his ruling the trial court noted that, although section 47-7-33 does limit the power of the trial court to suspend a sentence and order probation for previously convicted felons:
[I]n this instance the error benefits the Petitioner in the form of a lenient sentence which is harmless. Chancellor v. State, 809 So.2d 700 (Miss.Ct.App.2001). *1288 The right to be free from illegal sentences applies to sentences where the defendant suffers a greater sentence rather than the luxury of a lesser sentence. Id.

We find no error in the trial court's finding; thus, this issue is without merit.
IV. WAS SAGO'S TRIAL COUNSEL INEFFECTIVE?
¶ 6. In his final issue on appeal, Sago argues that his trial counsel was ineffective. To prevail on this issue Sago must demonstrate that his trial counsel's performance was deficient and the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of a guilty plea, Sago must demonstrate that his counsel's performance fell below the range of competence demanded of attorneys in criminal cases and that, but for the attorney's substandard performance, he would have insisted on going to trial. See Alexander v. State, 605 So.2d 1170, 1173 (Miss.1992). Although the plea colloquy was not included in the record, we note that the trial court found Sago's plea to be valid. Sago claims that his attorney was not working in his best interest, but rather his counsel was working with the State. As stated above, Sago was indicted as a habitual offender, but he was ultimately sentenced as a non-habitual offender. We fail to see how Sago's counsel was ineffective when his sentence was less than if he had been sentenced as a habitual offender. This issue is without merit.
¶ 7. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.