49 So.3d 161 (2010)
Kurt D. MIDDLETON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2009-CP-00977-COA.
Court of Appeals of Mississippi.
December 7, 2010.
*162 Kurt D. Middleton, appellant, pro se.
*163 Office of the Attorney General by John R. Henry, Jr., attorney for appellee.
Before LEE, P.J., ISHEE and MAXWELL, JJ.
LEE, P.J., for the Court:

FACTS AND PROCEDURAL HISTORY
¶ 1. Kurt Middleton pleaded guilty in the Circuit Court of DeSoto County to uttering a forged instrument. He was sentenced as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007) to three years in the custody of the Mississippi Department of Corrections followed by seven years' post-release supervision. Five years of the seven years' post-release supervision were reporting post-release supervision, and the remaining two years were non-reporting post-release supervision. Middleton filed a motion for post-conviction relief, which was summarily dismissed by the trial court.
¶ 2. Middleton now appeals the dismissal of his motion for post-conviction relief, asserting the following issues: (1) the trial court erred in sentencing him as a habitual offender when his habitual-offender status was not proven at a separate hearing, and (2) the State failed to prove each element of the habitual-offender statute. Finding no error, we affirm the trial court's dismissal of the motion for post-conviction relief.

STANDARD OF REVIEW
¶ 3. "A circuit court's dismissal of a motion for post-conviction collateral relief will not be reversed on appeal absent a finding that the trial court's decision was clearly erroneous." Phillips v. State, 25 So.3d 404, 406 (¶ 4) (Miss.Ct.App.2010). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).

DISCUSSION

I. BIFURCATED HEARING
¶ 4. Middleton argues that he was improperly sentenced as a habitual offender because he was not given a separate hearing on his sentence enhancement. Middleton raises this issue for the first time on appeal. "When a petitioner fails to request a separate hearing at the time of sentencing, he is precluded from raising that point on appeal, even if there is substantive merit to the petitioner's argument." Rucker v. State, 955 So.2d 958, 960 (¶ 6) (Miss.Ct.App.2007) (citing Crouch v. State, 826 So.2d 772, 775 (¶ 4) (Miss.Ct. App.2002)). We find this issue is procedurally barred as it was not preserved for review.
¶ 5. Even if Middleton had preserved this issue, his argument would still be without merit. "When a defendant pleads guilty to the principal charge, a separate hearing as to whether he is a habitual offender is not mandatory." Id. at 960 (¶ 7). "All that is required is that the accused be properly indicted as [a] habitual offender, ... that the prosecution prove the prior offenses by competent evidence,... and that the defendant be given a reasonable opportunity to challenge the prosecution's proof." Crouch, 826 So.2d at 772 (¶ 4) (quoting Keyes v. State, 549 So.2d 949, 951 (Miss.1989)). Middleton admitted during the plea colloquy that he had been convicted of two prior felonies in Wisconsin in 1987. Middleton was asked if he had any objection to the indictment being amended to reflect he was a habitual offender. He responded that he had no objection, and he admitted that he qualified as a habitual offender under section 99-19-81. Proof of Middleton's prior convictions was entered into the record as exhibits.
*164 ¶ 6. As a separate hearing on Middleton's habitual-offender status was not necessary, we find this issue lacks merit.

II. HABITUAL-OFFENDER STATUS
¶ 7. Middleton argues that he was incorrectly sentenced as a habitual offender because the charges for his two prior convictions were not brought separately as required by section 99-19-81. He also argues that he was not sentenced to serve a term of at least one year on both convictions.
¶ 8. Section 99-19-81 states:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
¶ 9. Before addressing Middleton's arguments, we must note that Middleton was not sentenced to the maximum term as required by section 99-19-81. Section 99-19-81 states that a defendant who falls under its provisions "shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation." Middleton was indicted under Mississippi Code Annotated section 97-21-59 (Rev.2006), uttering a forged instrument. The penalty for forgery is imprisonment of "not less than two (2) years nor more than ten (10) years...." Miss.Code Ann. § 97-21-33 (Rev.2006). Middleton should have received a ten-year sentence without eligibility for parole or probation. Instead, Middleton had made a plea-bargain agreement with the State, and the trial court honored the agreement in sentencing him. Middleton agreed to the plea-bargain offer and was sentenced to three years followed by seven years' post-release supervision. The trial court did not have discretion to give this reduced sentenced. However, this issue was not raised by the parties, and we decline to reverse for this error on appeal.
¶ 10. Middleton argues that the two convictions used to support his habitual-offender status occurred on the same day and were, therefore, not brought separately as required by the statute. Even though the two convictions occurred on the same day, they were for separate crimes on separate dates almost a year apart. Both crimes were burglaries of the same residence. As the conviction was for two separate crimes, this element of the habitual-offender statute was met.
¶ 11. Next, Middleton argues that he was only sentenced to prison for one of the two crimes used to determine his habitual-offender status. According to one sentencing report, Middleton was sentenced to serve ten years in the Wisconsin State Prison for burglary. The second sentencing report is entitled "Judgment of Conviction[:] Sentence Withheld, Probation Ordered." It states that Middleton's sentence for burglary "is withheld and the defendant is placed on probation for the period of 5 years, in the custody and control of the Wisconsin Department of Health and Social Services...." The Mississippi Supreme Court has held that section 99-19-81 "is satisfied where the defendant was twice previously convicted of separate felonies and a sentence of one or more years was pronounced, regardless of *165 subsequent probation or suspension of sentence." Hewlett v. State, 607 So.2d 1097, 1105 (Miss.1992). We find it unclear whether the second sentencing report was sufficient to convict Middleton as a habitual offender. However, there was a third conviction mentioned by the State in which Middleton was sentenced to one year in prison for operating a vehicle without the owner's consent. Thus, the statute's requirement that a defendant have two prior convictions was met. Nonetheless, Middleton was not sentenced to the maximum term as required by the habitual-offender statute, and Middleton agreed under oath during the plea colloquy that he qualified as a habitual offender under section 99-19-81. We find this issue is without merit.
¶ 12. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
MYERS, P.J., IRVING, GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. BARNES AND CARLTON, JJ., CONCUR IN THE RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. KING, C.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION.
KING, C.J., specially concurring:
¶ 13. I agree with the majority that the dismissal of the motion for post-conviction relief should be affirmed. However, I do so for other reasons. The facts of this case and a plain reading of the applicable statutes lead me to the conclusion that Kurt Middleton was not sentenced as a habitual offender.
¶ 14. Middleton was charged with uttering a forged instrument under Mississippi Code Annotated section 97-21-59 (Rev.2006). Subsequently, Middleton agreed to enter a plea of guilty to the charge of uttering a forged instrument. The relevant penalty for this offense, as set out in Mississippi Code Annotated section 97-21-33 (Rev.2006), is imprisonment "for a term of not less than two (2) years nor more than ten (10) years[.]" However, Middleton was indicted as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007), the relevant portion of which provides that the defendant "shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended[,] nor shall such person be eligible for parole or probation."
¶ 15. Had Middleton been sentenced as a habitual offender, the sentence set forth in section 97-21-33 and 99-19-81 was ten years, to be served day for day. Instead of a mandatory ten-year sentence, on July 28, 2008, Middleton was given a sentence of three years, supposedly as a habitual offender to be served day for day, with credit of 180 days for pre-sentence incarceration.
¶ 16. Under this Court's decision in Pool v. State, 724 So.2d 1044 (Miss.Ct.App. 1998), a trial court may deviate from the statutorily mandated sentence as a habitual offender, where it conducts a proportionality review on the record. Id. at 1049-50 (¶ ¶ 28-31). However, in this case, the trial court did not conduct a proportionality review. Instead, the court inquired whether the district attorney had conducted a proportionality review. Although the district attorney replied that the State had conducted a proportionality review, the trial court's responsibility to conduct the proportionality review is an obligation that may not be delegated and is a responsibility which must be done on the record. See Triplett v. State, 840 So.2d 727, 732 (¶ 18) (Miss.Ct.App.2002) (showing *166 that the reviewing court is responsible for conducting a proportionality analysis). Where no proportionality review is conducted by the trial court, this Court is faced with the question of what impact that failure has upon the imposition of sentence. Specifically, the question to be answered is whether the sentence is in fact one as a habitual offender or merely a sentence within the discretion of the trial court.
¶ 17. I believe that where the trial court does not sentence the defendant consistent with the applicable habitual-offender statute and fails to conduct an on-the-record proportionality review and proceeds to simply sentence the defendant, the resulting sentence is not a mandatory habitual sentence. See, e.g., Sago v. State, 978 So.2d 1285, 1287 (¶ 3) (Miss.Ct.App.2008) (stating that a defendant, who was indicted as a habitual offender, was sentenced as a non-habitual offender pursuant to a guilty plea). Thus, it must be treated like any other sentence, which would make the defendant eligible for the appropriate early-release programs.
¶ 18. There are those who would argue that this Court should ignore the trial court's failure or, alternatively, to send the case back to the trial court with instructions to impose upon Middleton a mandatory ten-year sentence. Neither of those options would seem to be appropriate. First, Middleton had no control over how he was indicted; that was a matter within the sole discretion of the district attorney. See Crump v. State, 962 So.2d 154, 158 (¶ 16) (Miss.Ct.App.2007). Second, Middleton had no control of the sentence to be imposed upon him. As the trial judge appropriately informed Middleton, sentencing was a matter in the sole discretion of the trial court. See Jenkins v. State, 997 So.2d 207, 215 (¶ 39) (Miss.Ct.App. 2008). Because sentencing is a matter within the discretion of the trial court, judges are presumed to know the applicable law. See Sago, 978 So.2d at 1287 (¶ 3) (stating in regard to sentencing that "[o]ur law presumes that the judgment of the trial court is correct"); see also Rush v. State, 811 So.2d 431, 438 (¶ 20) (Miss.Ct. App.2001) (finding that appellate courts should give great deference "to the discretion that trial courts possess in sentencing convicted criminals"). Third, Middleton is within several months of having completed day-for-day service of the imposed three-year sentence. To remand this matter for a ten-year mandatory sentence would improperly punish Middleton for matters over which he had absolutely no control. See Robinson v. State, 836 So.2d 747, 749-50 (¶ ¶ 6-7) (Miss.2002) (stating that it is a common occurrence for defendants indicted as habitual offenders to be sentenced as non-habitual offenders through the plea-bargaining process).
¶ 19. For the reasons stated herein, I would hold that while Middleton was determined to be habitual eligible, he was not sentenced as a habitual offender and is, therefore, eligible for consideration for all appropriate early-release programs.