KING, C.J.,
specially concurring:
¶ 18. I agree with the majority that the dismissal of the motion for post-conviction relief should be affirmed. However, I do so for other reasons. The facts of this case and a plain reading of the applicable statutes lead me to the conclusion that Kurt Middleton was not sentenced as a habitual offender.
¶ 14. Middleton was charged with uttering a forged instrument under Mississippi Code Annotated section 97-21-59 (Rev.2006). Subsequently, Middleton agreed to enter a plea of guilty to the charge of uttering a forged instrument. The relevant penalty for this offense, as set out in Mississippi Code Annotated section 97-21-83 (Rev.2006), is imprisonment “for a term of not less than two (2) years nor more than ten (10) years[.]” However, Middleton was indicted as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007), the relevant portion of which provides that the defendant “shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended[,] nor shall such person be eligible for parole or probation.”
¶ 15. Had Middleton been sentenced as a habitual offender, the sentence set forth in section 97-21-33 and 99-19-81 was ten years, to be served day for day. Instead of a mandatory ten-year sentence, on July 28, 2008, Middleton was given a sentence of three years, supposedly as a habitual offender to be served day for day, with credit of 180 days for pre-sentence incarceration.
¶ 16. Under this Court’s decision in Pool v. State, 724 So.2d 1044 (Miss.Ct.App.1998), a trial court may deviate from the statutorily mandated sentence as a habitual offender, where it conducts a proportionality review on the record. Id. at 1049-50 (¶ ¶ 28-31). However, in this case, the trial court did not conduct a proportionality review. Instead, the court inquired whether the district attorney had conducted a proportionality review. Although the district attorney replied that the State had conducted a proportionality review, the trial court’s responsibility to conduct the proportionality review is an obligation that may not be delegated and is a responsibility which must be done on the record. See Triplett v. State, 840 So.2d 727, 732 (¶ 18) (Miss.Ct.App.2002) (show *166 ing that the reviewing court is responsible for conducting a proportionality analysis). Where no proportionality review is conducted by the trial court, this Court is faced with the question of what impact that failure has upon the imposition of sentence. Specifically, the question to be answered is whether the sentence is in fact one as a habitual offender or merely a sentence within the discretion of the trial court.
¶ 17. I believe that where the trial court does not sentence the defendant consistent with the applicable habitual-offender statute and fails to conduct an on-the-record proportionality review and proceeds to simply sentence the defendant, the resulting sentence is not a mandatory habitual sentence. See, e.g., Sago v. State, 978 So.2d 1285, 1287 (¶ 3) (Miss.Ct.App.2008) (stating that a defendant, who was indicted as a habitual offender, was sentenced as a non-habitual offender pursuant to a guilty plea). Thus, it must be treated like any other sentence, which would make the defendant eligible for the appropriate early-release programs.
¶ 18. There are those who would argue that this Court should ignore the trial court’s failure or, alternatively, to send the case back to the trial court with instructions to impose upon Middleton a mandatory ten-year sentence. Neither of those options would seem to be appropriate. First, Middleton had no control over how he was indicted; that was a matter within the sole discretion of the district attorney. See Crump v. State, 962 So.2d 154, 158 (¶ 16) (Miss.Ct.App.2007). Second, Middleton had no control of the sentence to be imposed upon him. As the trial judge appropriately informed Middleton, sentencing was a matter in the sole discretion of the trial court. See Jenkins v. State, 997 So.2d 207, 215 (¶ 39) (Miss.Ct.App.2008). Because sentencing is a matter within the discretion of the trial court, judges are presumed to know the applicable law. See Sago, 978 So.2d at 1287 (¶ 3) (stating in regard to sentencing that “[o]ur law presumes that the judgment of the trial court is correct”); see also Rush v. State, 811 So.2d 431, 488 (¶ 20) (Miss.Ct.App.2001) (finding that appellate courts should give great deference “to the discretion that trial courts possess in sentencing convicted criminals”). Third, Middleton is within several months of having completed day-for-day service of the imposed three-year sentence. To remand this matter for a ten-year mandatory sentence would improperly punish Middleton for matters over which he had absolutely no control. See Robinson v. State, 836 So.2d 747, 749-50 (¶ ¶ 6-7) (Miss.2002) (stating that it is a common occurrence for defendants indicted as habitual offenders to be sentenced as non-habitual offenders through the plea-bargaining process).
¶ 19. For the reasons stated herein, I would hold that while Middleton was determined to be habitual eligible, he was not sentenced as a habitual offender and is, therefore, eligible for consideration for all appropriate early-release programs.