ROBERTS, J.,
specially concurring:
¶ 21. I concur with the majority’s well-reasoned opinion. However, I feel compelled once again to write separately to address a matter not raised by either party but glaringly apparent from the record — the circuit court’s clearly unlawful sentence. In so doing, I reiterate matters I discussed in my specially concurring opinion in Burton v. State, 970 So.2d 229 (Miss.Ct.App.2007).
¶ 22. The jury found Wilson guilty of grand larceny based on the theft of a 2001 *1188 Chevrolet 2500 Duramax four-wheel-drive truck, a sixteen-foot utility trailer, and two “zero-turn” lawn mowers. Accepting the evidence favorable to the verdict as true, Wilson and this two codefendants broke into the premises of Cook Tractor Company at night and stole over $31,000 worth of equipment. Of the three, Wilson was the leader of the group who originated the plan to commit the crime. They disposed of their stolen loot the next day on the Gulf Coast and split the proceeds. During a bifurcated proceeding, the prosecution presented evidence that Wilson had been convicted of grand larceny in 1998 and sentenced to the Mississippi Department of Corrections (MDOC). The prosecution also presented evidence that in 2003, Wilson had been convicted of receiving stolen property and sentenced again to MDOC custody. Accordingly, the circuit court found beyond a reasonable doubt that Wilson qualified for enhanced sentencing as a nonviolent habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007).
¶ 23. Section 99-19-81 requires that a circuit court sentence a habitual offender to the maximum possible sentence for the crime committed after having been convicted of two prior felonies arising from separate incidences at different times, each carrying a sentence of one year or more. Furthermore, that maximum sentence “shall not be reduced or suspended nor shall such person be eligible for parole or probation.” Id. (emphasis added). In other words, section 99-19-81 removes any discretion the circuit court may have otherwise possessed to suspend a portion of Wilson’s sentence.
¶ 24. The maximum possible sentence for a grand-larceny conviction is ten years in the custody of the MDOC. Miss.Code Ann. § 97-17-41(1) (Rev.2006). Inexplicably, the circuit court sentenced Wilson to ten years in the custody of the MDOC with five years suspended and five years of post-release supervision. The record is simply devoid of an rational basis for deviating from the statutory mandate. It is silent. There was no proportionality analysis requested nor performed as set forth in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), that might have supported an Eighth Amendment argument. I submit a ten-year sentence for this crime under the facts as shown by this record certainly does not lead to “an inference of ‘gross disproportionality.’ ” Nichols v. State, 826 So.2d 1288, 1290 (¶ 12) (Miss.2002) (quoting Hoops v. State, 681 So.2d 521, 538 (Miss.1996)). The circuit court clearly violated the express provisions of section 99-19-81.
¶ 25. Regrettably for the prosecution but fortunately for Wilson, the State filed no cross-appeal to preserve the issue. “The [S]tate ... may prosecute an appeal ... [f]rom a ruling adverse to the [Sjtate ... in every case in which the defendant is convicted and prosecutes an appeal; and the case shall be treated as if a cross[-]appeal had been formally presented by the [S]tate.” Miss.Code Ann. § 99-35-103(c) (Rev.2007). In Pool v. State, 724 So.2d 1044, 1050 (¶ 32) (Miss.Ct.App.1998), on cross-appeal by the State, this Court reversed an illegally lenient sentence as a habitual offender and remanded the matter to the circuit court for an additional sentencing hearing because the circuit court failed to adequately articulate the basis of its proportionality analysis under Solem. Without a cross-appeal by the State, we have no authority to reverse Wilson’s sentence and remand for proper sentencing. State v. Lee, 602 So.2d 833, 834 (Miss.1992).
¶26. Section 99-19-81 prohibits a circuit court judge from suspending a portion *1189 of a habitual offender’s sentence without properly articulating some constitutional impediment with its application to the case at hand. Accordingly, I write again to encourage my fellow members of the judiciary to adhere to the requirements of the law.
FAIR, J., JOINS THIS OPINION. LEE, C.J., MAXWELL AND RUSSELL, JJ„ JOIN THIS OPINION IN PART.