CARLTON, J.,
for the Court:
¶ 1. Dennis Faust appeals the judgment of the Amite County Circuit Court, which convicted him of robbery and sentenced him as a habitual offender to serve fifteen years in the custody of the Mississippi Department of Corrections (MDOC). Faust argues (1) the trial court erred in granting Jury Instruction S-3, which allegedly constructively amended the indictment against Faust and broadened the grounds on which Faust could be convicted, and (2) the verdict is against the overwhelming weight of the evidence. Finding no error, we affirm.
FACTS
¶ 2. On June 22, 2011, Bridgett Smith worked in automobile sales for R.E. Smith Motor Company, her parents’ business. While working, Smith saw a man outside on the car lot. Assuming him to be a customer, Smith walked outside. When Smith asked if she could help the man, he replied that he was looking for a vehicle with a key in it. The man walked over to where Smith and her parents parked their personal vehicles. The man opened the door to a 2004 GMC Sierra crew cab, Smith’s mother’s vehicle. Smith informed the man that the vehicle was not for sale and attempted to shut the door to the truck. When Smith verbally protested the man’s alarming actions, he pushed and hit her with his cane. The man also threatened to kill her. Smith testified as to her fear that the man could seriously harm her, if not kill her. After pushing Smith away, the man drove off in the GMC truck. Smith and her mother immediately contacted law enforcement. In court, Smith identified Faust as the man who took her mother’s vehicle.
¶ 3. Chief Deputy William Vallely, with the Amite County Sheriff’s Office, testified that shortly after he received notification of the alleged robbery of the GMC truck, he learned that the Gloster Police Department had stopped a suspect driving a vehicle that matched the description of the GMC vehicle. Deputy Vallely testified that when he arrived at the scene, the vehicle was stopped “in the middle of the road.” Deputy Vallely identified Faust as the man driving the GMC truck.
¶ 4. Deputy Danny Meaux, also with the Amite County Sheriff’s Office, testified that he found a cane on the front seat of the truck. Deputy Meaux also identified Faust as the person who was removed from the allegedly stolen GMC truck.
¶ 5. Faust testified at trial. He testified that he walked up to the car lot on his way to the store for his aunt. Faust admitted to taking the truck “around the block” and alleged that he came right back. Faust claimed that when he was preparing to park the truck back on the car lot, he noticed a commotion and decided to park in front of the nearby library. Police detained Faust at that time. Faust denied being told the GMC truck was not for sale. Faust also denied threatening or pushing Smith. In fact, Faust claimed Smith was not present when he drove the vehicle off the car lot.
¶ 6. A grand jury before the Amite County Circuit Court indicted Faust for the crime of robbery. The indictment provided that on or about June 22, 2011, Faust “did willfully, unlawfully and felo- *616 niously take one 2004 GMC pickup truck, the personal property of Bridgett Smith or another, from her person and against her will by violence to her person by throwing her to the ground and threatening to kill her[.]” The grand jury indicted Faust under Mississippi Code Annotated section 97-3-73 (Rev.2006), the general robbery statute, and as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007).
¶7. A trial commenced on January 31, 2012. At the conclusion of the trial, the jury found Faust guilty of robbery. The trial court sentenced Faust as a habitual offender under section 99-19-81 to fifteen years in the custody of the MDOC.
DISCUSSION
I. JURY INSTRUCTIONS
¶ 8. Faust argues that the trial court erred in allowing the jury to be improperly instructed on the elements of robbery. Faust contends that the elements instruction, Jury Instruction S-3, constructively amended the indictment against him, in essence lowering the proof required for the State to show that Faust committed robbery. Faust asserts that rather than requiring the jury to find that Faust took a 2004 GMC pickup truck, as alleged in the indictment, the instruction allowed the jury to find that Faust took “personal property” belonging to Smith. Faust claims that he received no notice to defend himself on the broader charge that he took personal property in general, rather than the specific 2004 GMC truck.
¶ 9. After reviewing the record, we find that Faust waived the issue of an alleged constructive amendment of the indictment for appeal since he failed to raise the issue before the trial court. See Robinson v. State, 966 So.2d 209, 213 (¶ 10) (Miss.Ct. App.2007) (“It is well[ jsettled that a trial court will not be found in error on an issue upon which it was never requested to rule.”); Brown v. State, 781 So.2d 925, 928 (¶ 12) (Miss.Ct.App.2001). Nonetheless, we find that the trial court abused no discretion in instructing the jury at trial. See Bolton v. State, 87 So.3d 1129, 1132 (¶ 10) (Miss.Ct.App.2012) (“It is well settled that jury instructions generally are within the discretion of the trial court, and the appropriate standard of review is abuse of discretion.” (quotation marks omitted)).
¶ 10. Regarding jury instructions, this Court has stated:
Jury instructions are to be read together and taken as a whole with no one instruction taken out of context. A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.
Id. Here, the robbery indictment charged Faust with taking “one 2004 GMC pickup truck, the personal property of Bridgett Smith or another[.]” Therefore, the indictment reflects that Faust was indeed charged with taking personal property and that the property was identified by the indictment as the truck at issue. Additionally, the evidence in this case matched the charge set forth in the indictment. Thus, no variance between the evidence and the indictment occurred, and Faust’s assertion of a constructive amendment fails. See Bell v. State, 725 So.2d 836, 855 (¶ 58) (Miss.1998).
¶ 11. Jury Instruction S-3 provides, in part, as follows:
[Faust] has been charged with the offense of robbery.
If you find from the evidence in this case beyond a reasonable doubt that:
1. [Faust], on or about June 22, 2011, in Amite County, Mississippi^]
*617 2. Willfully took personal property of Bridgett Smith or another;
3. From her person; and
4. Against the victim’s will;
5. By violence toward Bridgett Smith by pushing her and threatening to kill her; and
6. At the time, [Faust] had the intent to permanently deprive Bridgett Smith of the property, then you shall find the Defendant guilty as charged.
If the prosecution has failed to prove any one or more of the above listed elements beyond a reasonable doubt, then you shall find the Defendant not guilty of Robbery.
(Emphasis added). The record reflects that the jury instructions, including Jury Instruction S-3, were consistent with the notice provided to Faust in the indictment on the robbery charge. See Arrington v. State, 69 So.3d 29, 33 (¶ 14) (Miss.Ct.App. 2011) (“The purpose of an indictment is to put a defendant on notice of the charges against him so that he is able to prepare an adequate defense.”). Jury Instruction S-3 and the other instructions given by the trial court properly related the robbery charge to the testimony and evidence presented to the jury for their deliberations.[1] The record fails to reflect any evidence of variation between the elements and the factual proof in support of each element of the robbery charge. No prejudice resulted to Faust’s defense. This issue is without merit.
II. OVERWHELMING WEIGHT OF THE EVIDENCE
¶ 12. Faust argues that the verdict is against the overwhelming weight of the evidence. Faust alleges that the victim and the defendant were the only witnesses to the alleged robbery, and their stories differ significantly. Faust claims that his explanation that he possessed no intent to permanently deprive Smith of the vehicle is supported by the fact that he only drove the vehicle a short distance before parking it at the library down the street from the car lot and being arrested.
¶ 13. Appellate courts review a trial court’s decision to deny a motion for a new trial utilizing an abuse of discretion standard of review. Simpson v. State, 993 So.2d 400, 410 (¶ 35) (Miss.Ct.App.2008). When considering a challenge to the weight of the evidence, the verdict will only be disturbed “when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005).
¶ 14. While Faust claimed in his testimony that he never intended to permanently deprive Smith of the use of- the GMC truck, nor did he threaten or harm Smith in any way, Smith and the law enforcement officers presented evidence at trial indicting otherwise. Smith testified that Faust used force and violence against her to take possession of the GMC truck. Smith stated that Faust “hit” her and pushed her with his cane. Smith further stated that Faust threatened to kill her. Smith identified the stolen vehicle as her mother’s truck and as “a 2004 GMC Sierra crew cab, silver birch in color.” Smith identified Faust as the person who took the GMC truck from her control. Deputy Vallely testified that at the time of Faust’s *618 arrest, the GMC truck was stopped in the middle of the road, rather than neatly parked at the library.[2] Also, Deputy Vallely and Deputy Meaux identified Faust as the person removed from the allegedly stolen GMC truck on the day in question.
¶ 15. While Faust’s testimony contradicts the evidence presented by the State, we have held that “the jury is the sole judge of the weight of the evidence and the credibility of the witnesses.” Johnson v. State, 101 So.3d 717, 723 (¶ 23) (Miss.Ct.App.2012). “Conflicts in the evidence are for the jury to resolve.” Id. Furthermore, we are mindful that questions of criminal intent, such as whether a defendant possessed the specific intent to permanently deprive another of his property, are for the trier of fact to resolve. Williams v. State, 590 So.2d 1374, 1379 (Miss.1991). After reviewing the record, we find that the overwhelming weight of the evidence supports the jury’s verdict. This issue is without merit.
¶ 16. THE JUDGMENT OF THE AM-ITE COUNTY CIRCUIT COURT OF CONVICTION OF ROBBERY AND SENTENCE AS A HABITUAL OFFENDER OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO AMITE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. See Bell v. State, 725 So.2d 836, 855 (¶ 58) (Miss. 1998) ("A constructive amendment of the indictment occurs when the proof and instructions broaden the grounds upon which the defendant may be found guilty of the offense charged so that the defendant may be convicted without proof of the elements alleged by the grand jury in its indictment.”).

. See Williams v. State, 590 So.2d 1374, 1379 (Miss.1991).