# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00288-COA

FREDERICK DEVON PRITCHETT A/K/A
FREDERICK PRITCHETT A/K/A FREDERICK
D. PRITCHETT

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/19/2014 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER<br>BY: GEORGE T. HOLMES<br>     HUNTER NOLAN AIKENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL<br>BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | BILBO MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED ON COUNT I, AGGRAVATED ASSAULT ON A LAW ENFORCEMENT OFFICER, AND COUNT II, ROBBERY, AND SENTENCED AS A HABITUAL OFFENDER TO THIRTY YEARS ON COUNT I, AND FIFTEEN YEARS ON COUNT II, WITH THE SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION |
| DISPOSITION: | AFFIRMED - 08/04/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

BEFORE IRVING, P.J., BARNES AND FAIR, JJ.

BARNES, J., FOR THE COURT:

¶1.    On December 20, 2012, Frederick Pritchett, an inmate at the Lauderdale County Correctional Facility, was being held temporarily in a booking cell for medical observation, as he had complained of chest pain earlier that day. Penny McCracken, a correctional officer employed by the Lauderdale County Sheriff's Department, was on duty. Pritchett requested a cup of water from McCracken, but when she opened the cell door to hand him the water, Pritchett grabbed McCracken's arm and attempted to pull her into the cell. McCracken began screaming and slammed the cell door on her arm to try to release Pritchett's hold. However, Pritchett escaped the cell and grabbed McCracken in a choke hold. During the struggle, McCracken managed to kick the cell door shut and hide the keys.

¶2.    McCracken managed to escape Pritchett's hold and ran to the booking desk to call for assistance. While she was making the call, Pritchett lunged towards her. When he did so, he stealthily grabbed McCracken's cell phone. By the time the other officers responded to the call, Pritchett had backed away from McCracken. He stood by his cell door, yelling that he did not do anything and accusing McCracken of throwing water on him. After Pritchett was returned to his cell, McCracken noticed her cell phone was missing. Officers searched Pritchett's cell and discovered the phone hidden underneath a mattress. The entire incident was captured by a surveillance camera, and this video evidence was later admitted at trial.

¶3.    McCracken, who was treated at a nearby hospital, suffered bleeding, bruising, and a black eye. She had undergone cosmetic facial surgery three days prior to the incident and had sutures and staples as a result of the surgery. However, McCracken and the other officers stated that all her injuries were a result of the attack by Pritchett.

¶4. After a jury trial in the Lauderdale County Circuit Court on February 18-19, 2014, Pritchett was convicted of aggravated assault on a law enforcement officer (Count I) and robbery (Count II). The trial court sentenced Pritchett as a habitual offender under Mississippi Code Annotated section 99-19-81 (Supp. 2014) to thirty years in the custody of the Mississippi Department of Corrections for Count I, and fifteen years for Count II, with the sentences to run consecutively.

¶5. Pritchett filed a motion for a new trial, which the trial court denied. On appeal, Pritchett challenges the weight and sufficiency of evidence.[1] Upon review, we find no error and affirm the judgment.

**STANDARD OF REVIEW**

¶6. As stated, Pritchett claims on appeal that the sufficiency and weight of the evidence admitted at trial do not support his convictions. "Motions for a directed verdict and a [judgment notwithstanding the verdict] both challenge the sufficiency of the evidence." *Wilson v. State*, 101 So. 3d 1182, 1185 (¶9) (Miss. Ct. App. 2012) (citing *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005)). The relevant inquiry on review "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Bush*, 895 So. 2d at 843 (¶16) (quoting *Jackson v. Virginia,* 443 U.S. 307, 315 (1979)). A motion for

---

[1] Although Pritchett did not challenge the sufficiency of the evidence in his motion for a new trial, he did raise the issue in his motion for a directed verdict at trial, after which the defense rested. Therefore, the issue is not procedurally barred. *See Wales v. State*, 73 So. 3d 1113, 1120 (¶19) (Miss. 2011) (addressing the defendant's challenge of sufficiency of the evidence on appeal, as he asserted the issue in a motion for directed verdict at trial and "presented no evidence in his defense").

a new trial, however, addresses the weight of the evidence, and the verdict will only be disturbed on review if "it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Id*. at 844 (¶18).

**DISCUSSION**

I. **Whether the weight and sufficiency of the evidence supported Pritchett's conviction for Count I, aggravated assault on a law enforcement officer.**

¶7. Mississippi Code Annotated section 97-3-7(2)(a)(i) (Rev. 2014) states that "[a] person is guilty of aggravated assault if he . . . attempts to cause serious bodily injury to another[.]" Pritchett claims that the evidence was insufficient to support his conviction for Count I, "as it failed to establish beyond a reasonable doubt that [he] attempted to cause serious bodily injury to McCracken." He further asserts that "[t]he overwhelming weight of the evidence established that [he] was guilty at most of simple assault on a law enforcement officer."

¶8. The surveillance video admitted into evidence shows that Pritchett grabbed McCracken, threw her around, and choked her. She was screaming, "Please, no!" in obvious fear for her life. After the attack was over, she told the officers who responded to her distress call: "He about killed me." McCracken testified that she thought Pritchett was going to drag her into the cell, rape her, and kill her. The video supports this testimony; Pritchett did attempt to drag McCracken into the cell, but she kept fighting him until she could break loose of his hold.

¶9. One of the officers who responded to the call for assistance, Dillon Pace, stated that after the incident, McCracken had "blood coming from her ears" and "was crying and scared

4

and couldn't really form sentences that great." Officer Henry Shaffer also testified that later that evening, Pritchett told him "he tried to kill that b*tch."

¶10. Accordingly, we find that the sufficiency and weight of the evidence support Pritchett's conviction for aggravated assault.

> **II.** **Whether the weight and sufficiency of the evidence supported Pritchett's conviction for Count II, robbery.**

¶11. Mississippi Code Annotated section 97-3-73 (Rev. 2014) defines robbery as the taking of "the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person[.]" The jury instruction pertaining to Count II stated that, should the jury "find from the evidence in this case beyond a reasonable doubt that: On or about December 20, 2012, in Lauderdale County, Mississippi; the Defendant, Frederick Devon Pritchett, did willfully and unlawfully take personal property of Penny McCracken, to-wit a cell phone, from her person or presence and against her will by violence to her person or by putting her in fear of immediate injury to her person," then Pritchett should be found guilty of robbery.

¶12. Noting that robbery is a specific-intent crime, Pritchett contends that the evidence failed "to establish beyond a reasonable doubt that [his] specific intent in assaulting McCracken was to gain possession of her cell phone, or that [his] force or putting [her] in fear caused McCracken to relinquish possession of her phone." We find no merit to Pritchett's claim. The surveillance video showed that after McCracken kicked the cell door shut and hid the keys, Pritchett eventually released her, allowing McCracken to run to the desk and frantically call for help. When she did so, Pritchett came over to the desk and continued his

5

assault by lunging toward McCracken, causing her to resume screaming. It was in that instance that he grabbed her cell phone.

¶13. "[Q]uestions of criminal intent, such as whether a defendant possessed the specific intent to *permanently deprive* another of his property, are for the trier of fact to resolve." *Faust v. State*, 113 So. 3d 614, 618 (¶15) (Miss. Ct. App. 2013) (quoting *Williams v. State,* 590 So. 2d 1374, 1379 (Miss. 1991)). The evidence clearly established that Pritchett intended to deprive McCracken of her cell phone and that McCracken was in fear for her life when Pritchett took her phone. There was also testimony by the other officers that McCracken remained panicked and frightened, even after the immediate threat had passed.

¶14. We further find that the fact McCracken did not know the cell phone was missing until after the danger had passed is of no consequence. "There is nothing in Mississippi Code Annotated section 97-3-73 that suggests the victim must be aware that his or her personal property is being taken, and a victim's lack of awareness due to a perpetrator's actions does not take him outside of the robbery statute." *Anderson v. State*, 5 So. 3d 1088, 1096 (¶14) (Miss. Ct. App. 2007) (citing *Wheeler v. State,* 826 So. 2d 731, 735 (¶9) (Miss. 2002)).

¶15. Consequently, we find that the sufficiency and weight of the evidence support the jury's verdict that Pritchett was guilty of robbery.

¶16. **THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF COUNT I, AGGRAVATED ASSAULT ON A LAW ENFORCEMENT OFFICER, AND COUNT II, ROBBERY, AND SENTENCE AS A HABITUAL OFFENDER OF THIRTY YEARS FOR COUNT I, AND FIFTEEN YEARS FOR COUNT II, WITH THE SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.**

**IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL, FAIR AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. LEE, C.J., NOT PARTICIPATING.**